NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2756
_____

MICHAEL J. VELA,
                            Appellant

v.

KELLY CHRISTOPHER;
CAPTAIN MOSER, Shift Commander, C.O. 4;
C. J. MCKEOWN, Hearing Examiner;
KELLEY, C.O.1; SGT. HYDE; CO1 GILBERT; SGT. FISHER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-01043)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 2, 2025

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 14, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Vela, a state prisoner proceeding pro se, appeals from the District Court's order granting the defendants' motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we will summarily affirm the District Court's judgment, with one modification.

I.

Vela is currently incarcerated at SCI Waymart. His complaint[1] alleges injuries arising from various events, starting with an incident in his cell where a CO, "completely unprovoked," pepper sprayed him "less than 5 inches from [his] face." Complaint at 13. That CO then filed "frivolous" misconduct charges against Vela, in which she lied about why she used the pepper spray, "claiming that [he] stood up off his bunk and came rapidly towards her." Id. Vela was immediately sent to the restricted housing unit (RHU), where he was strip searched and denied access to a shower to wash off the pepper spray. At the misconduct hearing held two days later, during which Vela was not allowed to call witnesses or present evidence, he was found guilty of threatening an employee with bodily harm and refusing to obey an order and punished with 60 days of disciplinary custody status and the loss of his job. Vela immediately appealed and two days later, the

---

[1] Because this case was adjudicated at the motion-to-dismiss stage, we accept the allegations in Vela's complaint as true and view them in the light most favorable to him. See Mator v. Wesco Distrib., Inc., 102 F.4th 172, 178 (3d Cir. 2024). We may "consider documents integral to or explicitly relied upon in [that pleading]." Id. (quotation marks omitted). We also construe Vela's filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

charges were expunged. He also alleges other later incidents of abuse from two other COs.

Vela challenges these actions under 42 U.S.C. § 1983, claiming retaliation, unreasonable search and seizure, violations of his privacy, cruel and unusual punishment, and discrimination. He explains that he has not filed any grievances related to these incidents because "staff abuse is not covered by the grievance system." Complaint at 6. The defendants filed a motion to dismiss under Rule 12(b)(6), arguing that his claims are barred for failure to exhaust his administrative remedies, and in the alternative, that he failed to state a claim. Vela moved for appointment of counsel, which the District Court denied without prejudice as premature. The District Court granted the motion to dismiss, reasoning that Vela's failure to exhaust was "fatal to his claims," ECF No. 20 at 11, and dismissed the complaint with prejudice. This timely appeal followed.[2]

## II.

"Under the PLRA, prisoners who seek to challenge their conditions of confinement must exhaust all available administrative remedies." Prater v. Dep't of Corr., 76 F.4th 184, 203 (3d Cir. 2023) (citing 42 U.S.C. § 1997e(a)). Failure to exhaust is an affirmative defense, Small v. Camden Cnty., 728 F.3d 265, 268 (3d Cir. 2013) (citing

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6)," Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021), and may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Jones v. Bock, 549 U.S. 199, 212 (2007)), and can be invoked at the Rule 12(b)(6) stage if the deficiency is apparent on the face of the complaint. See Jones, 549 U.S. at 215. In the context of a prisoner's claim of abuse by a staff member, the Pennsylvania Department of Corrections' policy ADM 804 provides "the exclusive means of exhaustion." Prater, 76 F.4th at 204. A prisoner's failure to "follow the full administrative review process under ADM 804" means they have "necessarily failed to properly exhaust their claims under the PLRA." Id.

We agree with the District Court's determination that Vela has failed to exhaust his claims because he has not filed any grievances under ADM 804.[3] Vela attempts to excuse this failure by asserting that "staff abuse is not covered by the grievance system." Complaint at 6. This is incorrect, as we have held that the grievance procedures laid out in ADM 804 are the exclusive means of exhaustion for prisoners alleging abuse by staff. See Prater, 76 F.4th at 204. Because this failure to exhaust was apparent on the face of Vela's complaint, it was appropriate for the District Court to dismiss it on that basis under Rule 12(b)(6). See Jones, 549 U.S. at 215.[4]

---

[3] Vela mentions vaguely that he "is litigating" a PREA complaint against one of the defendants. Complaint at 17. Though ADM 804 does not apply in that context, see Prater, 76 F.4th at 204 (citing ADM 804 § 1A(2)), exhaustion must be complete prior to filing suit, see, e.g., Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002), and Vela's language indicates that his PREA complaint has not yet been resolved.

[4] Vela's notice of appeal also encompasses the District Court's order denying his motion for appointment of counsel. See Fed. R. App. P. 3(c)(4). We review such a denial for abuse of discretion, see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), and perceive no error in the District Court's decision. See generally Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. However, we will modify the dismissal to be without prejudice. <u>See</u> <u>Garrett v. Wexford Health</u>, 938 F.3d 69, 81 n.16 (3d Cir. 2019) (explaining that we "allow[] complaints filed prematurely to be dismissed without prejudice and then refiled when the administrative remedies [are] exhausted").